## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | | |
|---|---|---|
| **TIMOTHY WILLSON and LANDON BURRESS**, on behalf of themselves and all others similarly situated, | : : : : | CASE NO. |
| Plaintiffs, | : : | JUDGE: |
| v. | : : | |
| **FORD MOTOR COMPANY**, | : : | MAGISTRATE JUDGE: |
| Defendant. | : : : | **JURY DEMANDED** |

## ORIGINAL 29 U.S.C. § 216(b) COLLECTIVE AND CLASS ACTION COMPLAINT

Named Plaintiffs Timothy Willson ("Named Plaintiff Willson") and Landon Burress ("Named Plaintiff Burress") (collectively "Named Plaintiffs"), on behalf of themselves and others similarly situated (collectively, "Named Plaintiffs and the Putative Plaintiffs"), file this Complaint against Defendant The Ford Motor Company ("Defendant") to recover compensation, liquidated damages, attorneys' fees and costs, and other equitable relief pursuant to Fair Labor Standards Act of 1939 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Named Plaintiffs bring the Michigan Workforce Opportunity Wage Act, MICH. COMP. LAWS ANN. §§ 408.411, *et seq.* ("WOWA" or "Michigan Act") and the Kentucky Wage and Hour Act, KY. REV. STAT. ANN.

1

§§ 337.010–337.994 ("KWHA" or "Kentucky Acts"), to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief on behalf of themselves and all Michigan and Kentucky employees pursuant to Fed. R. Civ. P. 23.

Named Plaintiffs, on behalf of themselves and others similarly situated, hereby state

 as follows:

## I.  **JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

2. This Court has supplemental jurisdiction over Named Plaintiffs' and the Putative Class Members' Michigan and Kentucky Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiffs' claims under the FLSA that they form part of the same controversy.

3. Venue in the Eastern District of Michigan is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district.

4. Additionally, Defendant maintains its company headquarters in Dearborn, Michigan, which is located within this District and Division.

## II.    PARTIES

### A.    Named Plaintiff Timothy Willson

5.      Named Plaintiff Timothy Willson ("Named Plaintiff Willson") is an adult individual, a United States citizen, and a resident of the State of Michigan.

6.      Named Plaintiff Willson was employed by Defendant from approximately October 2021 until approximately February 2025 as a Process Coach at Defendant's Dearborn Stamping Plant in Dearborn, Michigan.

7.      Named Plaintiff Willson regularly worked over forty (40) hours in a workweek.

8.      Named Plaintiff Willson brings this action on behalf of himself and those similarly situated to collect unpaid overtime compensation under the FLSA and Michigan Acts. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff Willson's consent has been filed alongside this Complaint. *See* **Exhibit A**.

### B.    Named Plaintiff Landon Burress

9.      Named Plaintiff Landon Burress ("Named Plaintiff Burress") is an adult individual, a United States citizen, and a resident of the State of Kentucky.

10.     Named Plaintiff Burress was employed by Defendant from approximately November 2021 to approximately March 2024, as a Process Coach at Defendant's Louisville Assembly Plant location in Louisville, Kentucky.

11.     Named Plaintiff Burress regularly works over forty (40) hours in a workweek.

12.     Named Plaintiff Burress brings this action on behalf of himself and those similarly situated to collect unpaid overtime compensation under the FLSA and Kentucky Acts. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff Burress' consent has been filed alongside this Complaint. *See* **Exhibit B.**

### C. Putative Plaintiffs

13.     The Employees Entitled to Notice are all current and former Process Coaches who were employed by Defendant nationwide (except those employed in the state of Ohio), during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Employees Entitled to Notice").

14.     The Michigan Class Members are those current and former Process Coaches who were employed by Defendant in Michigan at any time during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Michigan Class" or "Michigan Class Members").

15.     The Kentucky Class Members are those current and former Process Coaches who were employed by Defendant in Kentucky at any time during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Kentucky Class" or "Kentucky Class Members").

4

16.     The Employees Entitled to Notice, Michigan Class Members, and Kentucky Class Members will hereinafter collectively be referred to as "Putative Plaintiffs."

### D.     **Defendant**

17.     Defendant is a foreign for-profit corporation with its headquarters located at 1 American Rd, Dearborn, MI 48126. Defendant can be served upon its registered agent, The Corporation Company at 40600 Ann Arbor Rd. E., Suite 201, Plymouth, MI 48170.

18.     Defendant operates nine (9) manufacturing locations in Michigan: the Sterling Axle Plant (Sterling Heights, MI); the Van Dyke Electric Powertrain Center (Sterling Heights, MI); the Livonia Transmission Plant (Livonia, MI); the Michigan Assembly Plant (Wayne, MI); the Dearborn Stamping Plant (Dearborn, MI); the Rogue Electric Vehicle Center (Dearborn, MI); the Woodhaven Stamping Plant (Woodhaven, MI); the Rawsonville Components Plant (Ypsilanti, MI); and the Flat Rock Assembly Plant (Flat Rock, MI).

19.     Defendant operates one (1) manufacturing location for Kentucky: the Louisville Assembly Plant (Louisville, KY).

20.     Defendant operates two (2) manufacturing locations in Illinois: the Chicago Assembly Plant (Chicago, IL) and the Chicago Stamping Plant (Chicago, IL).

21.     Defendant operates one (1) manufacturing location in Missouri; the Kansas City Assembly Plant (Kansas City, MO).

22.     Defendant operates one (1) manufacturing location in Nebraska; the Omaha Assembly Plant (Omaha, NE).

23.     Defendant operates one (1) manufacturing location in New York; the Buffalo Stamping Plant (Buffalo, NY).

24.     Defendant operates four (4) manufacturing location in Ohio: the Lima Engine Plant (Lima, Ohio), the Cleveland Engine Plant (Brook Park, Ohio), the Ohio Assembly Plant (Sheffield, Ohio), and the Sharonville Transmission Plant (Sharonville, OH) which are not subject to this lawsuit and are currently in similar litigation in the Northern District of Ohio, Toledo Division before Judge Jack Zouhary and styled *Jones et al., v. The Ford Motor Company, 3:24-cv-02112-JZ* (the "Ohio Litigation").

25.     The current and former Ford Motor Company Process Coach employees who work or worked in Ohio since December 5, 2021 (the "Ohio Process Coaches") are Putative Plaintiffs in the Ohio Litigation and are not subject to this lawsuit and are not Putative Plaintiffs in this lawsuit.

26.     The Putative Plaintiffs in this lawsuit are the Ford Motor Company Process Coach employees who work or worked in Defendants fifteen (15)

manufacturing plants in Michigan, Kentucky, Illinois, Missouri, Nebraska and New York (the Nationwide Process Coaches").

27.     Upon information and belief and during all times material to this Complaint, Defendant employed the Nationwide Process Coaches that are or were similarly situated to Named Plaintiffs.

## III.   **FACTS**

28.     During all times material to this Complaint, Defendant was an "employer" of Named Plaintiffs, and the Putative Plaintiffs as defined in the FLSA, the Michigan Act, and Kentucky Acts.

29.     During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 per year (exclusive of excise taxes at the retail level).

30.     During all times material to this Complaint, Defendant operates, controls, and employs employees engaged in commerce or in the production of

goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

31.     During all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs that opt-in have been Defendant's employees pursuant to the Michigan Act and Kentucky Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

32.     At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

33.     At all times material to this Complaint, Defendant hired Named Plaintiffs and the Putative Plaintiffs to work as Process Coaches, with the expectation that they coach safety, quality, and productivity to ensure company objectives are met through following standardized work.

34.     At all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs have been involved in the manufacturing process of various automobiles and other vehicles at Defendant's facilities and plants.

35.    At all times material to this Complaint, Named Plaintiffs and the Putative Plaintiffs have been entitled to overtime compensation at a rate of one and one half times their regular rate for all hours worked over forty (40) in a workweek.

36.    At all times material to this Complaint, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs regularly worked over forty (40) hours in a given workweek.

37.    At all times material to this Complaint, Defendant failed to pay Named Plaintiffs, and upon information and belief, the Putative Plaintiffs overtime compensation at a rate of one and one half times their regular rate for all hours worked over forty (40) in a workweek.

38.    At all times material to this Complaint, Defendant did not pay Named Plaintiffs and, upon information and belief, the Putative Plaintiffs that opt-in at least $684.00 per week on a salary basis.

39.    At all times material to this Complaint, Defendant misclassified Named Plaintiffs and, upon information and belief, the Putative Plaintiffs as "salaried" employees.

40.    At all times material to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs' pay was subject to reduction because of variation in quantity of work performed.

41.     At all times material to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs' pay was subject to reduction equal to the hours they did not work in that week.

42.     At all times Material to this Complaint, Defendant required Named Plaintiffs and, upon information and belief, the Putative Plaintiffs to record the hours they worked on a timesheet and send the timesheet into their Team Manager on the first and fifteenth of each month.

43.     At all times material to this Complaint, Defendant failed to compensate Named Plaintiffs and, upon information and belief, the Putative Plaintiffs for certain integral and indispensable work at one-and-one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

44.     As a result of Defendant's conduct, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs were not fully and properly paid for all their hours worked in violation of the FLSA, the Michigan Act, and the Kentucky Acts.

45.     During all times relevant to this Complaint, Defendant applied the same pay practices and/or policies to Named Plaintiffs and, upon information and belief, the Putative Plaintiffs. These similarly situated Process Coaches also worked forty (40) or more hours in given workweeks, but Defendant's practices and/or policies, as explained *infra*, likewise resulted in these similarly situated hourly employees not

10

being paid all their overtime wages earned in violation of the FLSA, the Michigan Act, and the Kentucky Acts.

46.    During all times relevant to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs', based on its companywide policy, primary duties did not include managing Defendant's enterprise, or managing a customarily recognized department or subdivision of Defendant's enterprise.

47.    During all times relevant to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs', based on its companywide policy, primary duties did not include the performance of office or non-manual work directly related to the management or general business operation of the Defendant or the Defendant's customers.

48.    During all times relevant to this Complaint, based on Defendant's companywide policy, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs' primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

49.    During all times relevant to this Complaint, based on Defendant's companywide policy, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs, did not customarily and regularly direct the work of at least two or more other full-time employees.

50. During all times relevant to this Complaint, based on Defendant's companywide policy, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs', primary duties did not include the authority to hire and fire, nor are their suggestions on hiring and firing given particular weight.

51. During all times relevant to this Complaint, Named Plaintiffs' and, upon information and belief, the Putative Plaintiffs, based on its companywide policy, annual pay did not exceed $107,432.00 for years prior to July 1, 2024 and/or did not exceed $132,964.00 after Jul 1, 2024.

52. As of the filing of this Complaint, Named Plaintiffs and, upon information and belief, the Putative Plaintiffs, have not been paid all the wages they earned while working for Defendant, and those unpaid wages have gone unpaid for more than thirty (30) days.

53. By not paying Named Plaintiffs and those similarly situated to them a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated federal and state wage laws.

## IV. COURT SUPERVISED NOTICE PURSUANT TO 29 U.S.C. § 216(b) ALLEGING FLSA VIOLATIONS

54. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of themselves, and the other similarly situated Process Coaches of the following description:

**All current and former Process Coaches who worked at Ford Motor Company in all states except Ohio during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Employees Entitled to Notice").**

55.     Named Plaintiffs reserve the right to amend and refine the definition of the Employees Entitled to Notice they seek to represent based upon further investigation and discovery.

56.     Named Plaintiffs and the Employees Entitled to Notice were all subject to the same policies and/or practices described above, which resulted in unpaid overtime.

57.     The precise size and identity of the proposed Employees Entitled to Notice should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

58.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiffs.

59.     Sending Court Supervised Notice to the Employees Entitled to Notice is appropriate because they have been subjected to single companywide policies and common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including

*inter alia*, whether Defendants misclassified them as exempt and failed to pay them 1.5 times their regular rate for all hours worked in excess of 40 in a workweek.

60.     Named Plaintiffs and the Employees Entitled to Notice, having willfully been not paid their entitled compensation for work they performed pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

61.     Named Plaintiffs seek to have the Court send supervised notice to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

62.     Named Plaintiffs are similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

63.     The names and addresses of the Employees Entitled to Notice are available from Defendants' records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendants. Notice can be provided by means permissible under the FLSA.

64.     Named Plaintiffs and the Employees Entitled to Notice have been damaged by Defendants' willful misclassification and refusal to pay the appropriate wages for all hours worked.

14

65.     As a result of Defendants' FLSA violations, Named Plaintiffs and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## V.     FED. CIV. R. 23 CLASS ACTION ALLEGATIONS

### A. THE MICHIGAN CLASS

66.     Named Plaintiff Willson brings his Michigan Act claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> **All current and former Process Coaches of Ford Motor Company in Michigan who worked during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Michigan Class" or "Michigan Class Members").**

67.     Named Plaintiff Willson reserves the right to amend and refine the definition of the Michigan Class Members they seek to represent based upon further investigation and discovery.

68.     The number and identity of the Michigan Class Members are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

15

69. The Michigan Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

70. Named Plaintiff Willson's claims are typical of those claims which could be alleged by any Michigan Class Member, and the relief sought is typical of the relief which would be sought by each Michigan Class Member in separate actions.

71. Named Plaintiff Willson and the Michigan Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay at least one- and one-half times their regular rate for all hours worked in excess of forty (40) in a given week.

72. Named Plaintiff Willson and the Michigan Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Michigan Act.

73. Named Plaintiff Willson and the Michigan Class Members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct.

74. Defendant's corporate wide policies, practices and willful conduct affected the Michigan Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Michigan Class Members.

16

75.     Named Plaintiff Willson and the Michigan Class Members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

76.     Named Plaintiff Willson is able to protect the interests of the Michigan Class Members fairly and adequately and have no interests antagonistic to the Michigan Class.

77.     Named Plaintiff Willson and the Michigan Class Members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

79.      This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

80.     Common questions of law and fact exist as to Named Plaintiff Willson and the Michigan Class Members that predominate over any questions only affecting Named Plaintiff Willson and the Michigan Class Members individually and include, but are not limited to:

17

a.  Whether Defendant improperly classified Named Plaintiff Willson and the Michigan Class Members as exempt pursuant to the FLSA and the Michigan Act.

b.  Whether Defendant willfully did not pay Named Plaintiff Willson and the Michigan Class Members at least $684.00 per week on a salary basis.

c.  Whether Defendant failed to pay Named Plaintiff Willson and the Michigan Class Members at least one- and one-half their regular rate of pay for all hours worked over forty (40);

d.  Whether Defendant's companywide decision to not pay Named Plaintiff Willson and the Michigan Class Members at least one- and one-half their regular rate of pay for all hours worked over forty (40) was willful and without a good faith basis;

e.  The nature and extent of class-wide injury and the measure of damages for those injuries.

81.  Named Plaintiff Willson and the Michigan Class Members have been damaged by Defendant's willful refusal to pay at least the Michigan minimum wage for all hours worked.

82.     As a result of Defendant's WOWA violation, Named Plaintiff Willson and the Michigan Class Members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## B. **THE KENTUCKY CLASS**

83.     Named Plaintiff Burress brings his Kentucky Acts claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of themselves and a class of persons consisting of:

> **All current and former Process Coaches of Ford Motor Company in Kentucky who worked during the two (3) years preceding the filing of this Complaint and continuing through the final disposition of this case (the "Kentucky Class" or "Kentucky Class Members").**

84.     Named Plaintiff Burress reserves the right to amend and refine the definition of the Kentucky Class Members he seeks to represent based upon further investigation and discovery.

85.     The number and identity of the Kentucky Class Members are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

86.    The Kentucky Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

87.    Named Plaintiff Burress' claims are typical of those claims which could be alleged by any Kentucky Class Member, and the relief sought is typical of the relief which would be sought by each Kentucky Class Member in separate actions.

88.     Named Plaintiff Burress and the Kentucky Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay at least one- and one-half times their regular rate for all hours worked in excess of forty (40) in a given week.

89.    Named Plaintiff Burress and the Kentucky Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Kentucky Acts.

90.    Named Plaintiff Burress and the Kentucky Class Members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct.

91.    Defendant's corporate wide policies, practices and willful conduct affected the Kentucky Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Kentucky Class Members.

92.     Named Plaintiff Burress and the Kentucky Class Members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

93.     Named Plaintiff Burress is able to protect the interests of the Kentucky Class Members fairly and adequately and have no interests antagonistic to the Kentucky Class.

94.     Named Plaintiff Burress and the Kentucky Class Members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

95.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

96.      This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

97.     Common questions of law and fact exist as to Named Plaintiff Burress and the Kentucky Class Members that predominate over any questions only affecting Named Plaintiff Burress and the Kentucky Class Members individually and include, but are not limited to:

a. Whether Defendant improperly classified Named Plaintiff Burress and the Kentucky Class Members as exempt pursuant to the FLSA and the Kentucky Acts.

b. Whether Defendant willfully did not pay Named Burress and the Kentucky Class Members at least $684.00 per week on a salary basis.

c. Whether Defendant failed to pay Named Plaintiff Burress and the Kentucky Class Members at least one-and-one-half their regular rate of pay for all hours worked over forty (40);

d. Whether Defendant's companywide decision to not pay Named Plaintiff Burress and the Kentucky Class Members at least one- and one-half their regular rate of pay for all hours worked over forty (40) was willful and without a good faith basis;

e. The nature and extent of class-wide injury and the measure of damages for those injuries.

98.     Named Plaintiff Burress and the Kentucky Class Members have been damaged by Defendant's willful refusal to pay at least the Michigan minimum wage for all hours worked.

99.     As a result of Defendant's KWHA violation, Named Plaintiff Burress and the Kentucky Class Members are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

22

## VI.    CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

100.   Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

101.   Named Plaintiffs assert this claim on behalf of themselves and the Employees Entitled to Notice who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

102.   At all times material to this Complaint, Defendant regularly employed Named Plaintiffs, and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

103.   Named Plaintiffs and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

104.   Named Plaintiffs and the Employees Entitled to Notice employed by Defendant have worked over forty (40) hours in at least one workweek and willfully were not paid at the appropriate one and one-half-times their regular rate.

105.   Defendant misclassified Named Plaintiffs and the Employees Entitled to Notice as "salaried" employees because the pay that Named Plaintiffs and the Employees Entitled to Notice regularly received was subject to reduction because of

the hours they worked and variation in quantity of work performed. *See* 29 C.F.R. §§ 541.602(a).

106.   During all times material to this Complaint, Named Plaintiffs and the Employees Entitled to Notice were not exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," "professional" or "highly compensated" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

107.   In failing to compensate Named Plaintiffs and the Employees Entitled to Notice at the appropriate one and one-half-times their regular rate for all hours worked in excess of forty in a workweek, Defendant has violated the applicable provisions of the FLSA.

108.   Named Plaintiffs and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

109.   In violating the FLSA, Defendant has acted willfully and with reckless disregard for clearly applicable FLSA provisions.

## COUNT TWO
## VIOLATION OF THE OVERTIME REQUIREMENTS
## OF THE MICHIGAN ACT

110.   Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

24

111.   Named Plaintiff Willson asserts this Michigan Act claim on behalf of themselves and the Michigan Class Members.

112.   WOWA requires that employees, including Named Plaintiff Willson and the Michigan Class Members, receive "time and on-half" overtime premium compensation for hours worked over forty (40) per week. *See* MICH. COMP. LAWS ANN § 408.414a.

113.   Named Plaintiff Willson and the Michigan Class Members were or have been employed by Defendant and have been covered employees entitled to the protections of WOWA.

114.   Named Plaintiff Willson and the Michigan Class Members are not exempt from receiving the overtime benefits under WOWA. MICH. COMP. LAWS ANN § 408.414a(4).

115.   Named Plaintiff Willson and the Michigan Class Members worked more than forty (40) hours in workweeks during times relevant, however, Defendant violated WOWA by failing to pay them overtime compensation for all hours worked in excess of forty (40) in a workweek.

116.   Indeed, Named Plaintiff Willson and the Michigan Class Members were not paid overtime for all hours worked in excess of forty (40) in a workweek because Defendant misclassified them as exempt employees.

117.  Named Plaintiff Willson and the Michigan Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions as described herein; though Defendant is in possession and control of necessary documents and information from which Michigan Class Members would be able to precisely calculate damages.

118.  In violating WOWA, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable Michigan law.

119.  Defendant is liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees. Additionally, Defendant is also liable for an amount equal to Named Plaintiff Willson's and the Michigan Class Members' unpaid wages as liquidated damages. *See* Mich. Comp. Laws Ann § 408. 419(a).

## COUNT THREE
### VIOLATION OF THE OVERTIME REQUIREMENTS OF THE KENTUCKY ACTS

120.  Named Plaintiffs re-allege, and incorporate by reference, the allegations set forth in the preceding paragraphs.

121.  Named Plaintiff Burress asserts this claim on behalf of themselves and the Kentucky Class Members.

122.  The Kentucky Acts require that "[e]very employer doing business in [Kentucky] shall . . . pay to each of its employees all wages or salary earned to a day

26

not more than eighteen (18) days prior to the date of that payment." KY. REV. STAT. ANN. § 337.020.

123.   Defendant has willfully failed to pay Named Plaintiff Burress and the Kentucky Class Members for all hours worked in excess of forty (40) in a workweek.

124.   Specifically, Defendant failed (and continues to fail) to pay all compensation earned for work performed by Named Plaintiff Burress and the Kentucky Class Members.

125.   Named Plaintiff Burress and the Kentucky Class Members have suffered damages and continue to suffer damages as a result of Defendant's acts or omissions described herein, and Defendant is in possession and control of necessary documents and information from which the Kentucky Class Members would be able to precisely calculate damages.

126.   Named Plaintiff Burress, on behalf of himself and the Kentucky Class Members, seeks recovery of their unpaid wages and an additional equal amount as liquidated damages, attorneys' fees, costs, and reasonable expenses of this action to be paid by Defendant. *See* KY. REV. STAT. ANN. §337.385.

## VII.   <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and pray for the following relief:

A.   For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendants to

provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B. For an Order requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all Employees Entitled to Notice.

C. In the event the Defendants seek to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period.

D. Issuing proper notice to the Employees Entitled to Notice at Defendants' expense.

E. Unpaid minimum wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiffs and the Employees Entitled to Notice that join the lawsuit.

F. An order equitably tolling the statute of limitations as of the Named Plaintiffs and Employees Entitled to Notice.

G. An Order permitting this litigation to proceed as a representative action and a Federal Rule 23 class action.

H. An order awarding the Plaintiffs and the Employees Entitled to Notice who join this case back pay equal to Michigan and Kentucky minimum wages for all hours worked for three (3) years preceding the filing of this Complaint to the present, plus an additional two times that amount in liquidated damages.

I. Designation of the Named Plaintiffs as representative of the Employees Entitled to Noice who join this lawsuit and counsel of record as their counsel.

J.  Designation of Named Plaintiff Willson as the Class Representative for the Michigan Class.

K.  Designation of Named Plaintiff Burress as the Class Representative for the Kentucky Class.

L.  A declaratory judgment that the practices complained of herein are unlawful under the Michigan Act and Kentucky Acts.

M.  Liquidated damages to the fullest extent permitted under federal and state law.

N.  A finding that Defendants acted willfully and without a good faith basis for their violations of the FLSA, Michigan Act, and Kentucky Acts.

O.  Costs and attorneys' fees to the fullest extent permitted under federal and state law;

P.  Pre-judgment and post-judgment interest to the fullest extent permitted under federal and state law; and,

Q.  Such other relief as the Court deems fair and equitable.


Dated: February 21, 2025          Respectfully submitted,

                                  BARKAN MEIZLISH DEROSE COX, LLP

                                  */s/ Robert E. DeRose*
                                  Robert E. DeRose (OH Bar No. 0055214)
                                  Anna R. Caplan (OH Bar No. 0104562)(*Pro Hoc Vice Anticipated*)
                                  4200 Regent Street, Suite 210
                                  Columbus, OH 43219
                                  Phone: (614) 221-4221
                                  Facsimile: (614) 744-2300
                                  bderose@barkanmeizlish.com
                                  acaplan@barkanmeizlish.com

29

**FAGAN MCMANUS, P.C.**

*/s/ Jennifer L. McManus*_____
Jennifer L. McManus  (P65976)
25892 Woodward Avenue
Royal Oak, MI  48067-0910
Phone:   (248) 542-6300
Email:    jmcmanus@faganlawpc.com


**ANDERSON ALEXANDER, PLLC**

*/s/ Lauren E. Braddy*_____
Lauren E. Braddy (*admitted pro hac vice*)
Texas Bar No. 24071993
lauren@a2xlaw.com
Clif Alexander (application *pro hac vice*
forthcoming)
Texas Bar No. 24064805
clif@a2xlaw.com
Austin W. Anderson (application *pro hac
vice* forthcoming)
Texas Bar No. 24045189
austin@a2xlaw.com
Carter T. Hastings
Texas Bar No. 24101879
carter@a2xlaw.com (application *pro hac
vice* forthcoming)
101 N. Shoreline Blvd. Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys for Plaintiffs*

## **<u>JURY DEMAND</u>**

Plaintiffs request a trial by jury on all of their claims.

*/s/ Robert E. DeRose*
Robert E. DeRose
